**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-20023-ALTMAN/Hernandez**

**VUORI, INC.**,

*Plaintiff*,

*v.*

**UNKNOWN REGISTRANTS IDENTIFIED ON SCHEDULE A**,

*Defendants*.
_______________________________________/

# AMENDED REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Supplemental Order Directing Registries to Change the Registrar of Record for Infringing Domain Names (the "Motion"), [ECF No. 40].[1] For the reasons that follow, we vacate our prior Report and Recommendation and respectfully recommend that the Motion be **GRANTED**.

* * *

On January 5, 2026, Plaintiff sued Defendants for cybersquatting, trademark counterfeiting and infringement, and false designation of origin under the Lanham Act, 15 U.S.C. § 1051, *et seq*. [ECF No. 1]. As part of its claims, Plaintiff identified certain domain names it claimed were being used in connection with Defendants' alleged infringement ("Infringing Domain Names"). *Id.* ¶¶ 5–28.

On June 9, 2026, Plaintiff moved for entry of default judgment. [ECF No. 31]. Plaintiff also sought a permanent injunction against Defendants. [ECF No. 35]. On June 29, 2026, the Court entered the final default judgment. [ECF No. 37]. The judgment included the following directive: "The domain registries and registrars for the Infringing Domain Names . . . shall within 14 days of

[1] The Honorable Roy K. Altman referred the Motion to us. [ECF No. 41].

receipt of this Order, transfer the Infringing Domain Names to the Plaintiff or, at the Plaintiff's election, disable the Infringing Domain Names and make[ ] them inactive and untransferable." *Id.* at 2–3. On July 17, 2026, Plaintiffs filed the Motion, asking that the Court issue a supplemental order to facilitate compliance with the Court's judgment, [ECF No. 40 at 1]. Specifically, the Motion asked the Court to direct the registries bound by the Order to designate Plaintiff's registrar, Markmonitor, as the registrar of record for the Infringing Domain Names. *Id.* Additionally, Plaintiff asked that the Court direct Markmonitor to transfer the Infringing Domain Names to Vuori's control. *Id.* at 3. The initial Motion did not explain why this relief was not encompassed by the Court's judgment.

In a later filing, however, Plaintiff clarified its request, as well as the need for Court intervention. [ECF No. 44]. Specifically, Plaintiff explained that, while the Court's Order directs "'both registries and registrars' to transfer the Infringing Domain Names . . ., registries cannot do so directly because they lack the technical capability to do so." *Id.* at 2. And so, because registrar noncompliance blocked the path to relief, Plaintiff now seeks to go around them via "a supplemental order . . . requir[ing] the registries to change the registrar of record and to order the new registrar to transfer the domain to Vuori." *Id.* at 3.

Given the technical constraints outlined in Plaintiff's subsequent filing, a modification of the Court's original order is appropriate to give effect to the Court's default judgment. Moreover, Plaintiff's proposed amendment includes operative language that is virtually identical to that used in analogous cases. *Compare* [ECF No. 40-1], *with Chanel, Inc. v. mccharty.com*, No. 17-62536-CIV, 2018 WL 3882467 (S.D. Fla. July 27, 2018); *Chanel, Inc. v. orderchanel.com*, No. 16-62648-CIV, 2017 WL 6947422, at *1 (S.D. Fla. Mar. 22, 2017); *Malletier v. 3abag.com*, No. 11-61008-CIV-ZLOCH, 2011 WL 13217733, at *3 (S.D. Fla. Aug. 24, 2011).

Accordingly, we respectfully recommend the Motion be **GRANTED**.

* * *

Under Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have **14 days** from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. If a party does not object to this Report and Recommendation, that party shall file a notice of non-objection by **August 21 at 5pm**.

Failure to timely file objections shall bar the parties from de novo determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1; *see, e.g.*, *Patton v. Rowell*, 678 F. App'x 898, 901 (11th Cir. 2017); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 768–69 (11th Cir. 2016).

**DONE AND RECOMMENDED** in the Southern District of Florida on August 19, 2026.

**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**

cc: counsel of record